# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

JORGE ANGEL CASTORENA,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C12-3064-LRR
No. CR11-3021-LRR

ORDER

---

    This matter appears before the court on Jorge Angel Castorena's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). On September 11, 2012, Jorge Angel Castorena ("the movant") filed his 28 U.S.C. § 2255 motion. On October 8, 2013, the court, among other things, directed the parties to brief the claims that the movant included in his motion pursuant to 28 U.S.C. § 2255 (civil docket no. 3). On October 22, 2013, counsel filed an affidavit (civil docket no. 6). On October 28, 2013, the government filed a resistance (civil docket no. 7). On November 4, 2013, the movant filed a response (civil docket no. 8) to counsel's affidavit. On November 19, 2013, the movant filed a motion to amend (civil docket no. 9), which the court denied (docket no. 10). On December 16, 2013, the movant filed a reply (civil

docket no. 11).[1]  Because the matter is fully briefed, the court turns to consider the merits of the movant's motion pursuant to 28 U.S.C. § 2255.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68

---

[1] To the extent that the movant raises new claims in his reply that do not sufficiently relate to his original assertions, that is, counsel misled him about the possible sentence that he faced if he did not plead guilty, counsel should have assessed his mental health before encouraging him to plead guilty, counsel did not conduct proper discovery, counsel should have built a defense and erroneously advised him to plead guilty, counsel should have alleged that there was insufficient evidence to support a conviction and counsel failed to file a notice of appeal, those claims are barred by the applicable statute of limitations. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57). For example, the movant is unable to assert that counsel should have pursued a lesser included offense so that the starting point from which to give him credit for his cooperation would not have been so high, counsel should have sought to suppress evidence, counsel improperly led him to believe that he would not be charged if he cooperated, counsel should have advised him to remain silent and erroneously allowed him to become a means of his own destruction by allowing him to cooperate, counsel failed to challenge the 851 sentencing enhancement and counsel failed to object to arguments that the government made during the sentencing hearing. *Cf. Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (noting that the factual basis in support of his request for relief is different).

F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve most of the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought on all of his claims except his failure to file a notice of appeal claim. Specifically, the record indicates that, except for the failure to file a notice of appeal claim, the movant's claims are frivolous. As such, the court finds that there is only a need to conduct an evidentiary hearing on the movant's failure to file a notice of appeal claim.

With respect to the claims that are unrelated to the failure to file a notice of appeal claim, the court deems it appropriate to deny them for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concluded that some of the movant's claims are procedurally defaulted and/or without

3

merit because counsel provided professional and effective assistance to the movant and the movant suffered no prejudice as a result of counsel's actions. The record clearly reveals that evidence established the movant conspired with others to distribute methamphetamine, he entered into a plea agreement with the government, he knowingly and voluntarily pleaded guilty and he received a sentence that the parties' contemplated. The movant's mischaracterizations of the record do not provide a valid basis to grant relief.

Moreover, the court thoroughly reviewed the record and finds that dismissing the majority of the movant's claims comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The court concludes that the movant knowingly and voluntarily pleaded guilty pursuant to a plea agreement. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction); *see also United States v. Seay*, 620 F.3d 919, 921-23 (8th Cir. 2010) (making clear that a challenge based on a court's statutory or constitutional power to adjudicate a case survives a defendant's guilty plea). The parties' plea agreement addressed, among other things, the fact that the movant faced a sentence of at least twenty years imprisonment and up to life imprisonment. Further, the record reflects that the movant fully understood what he was doing during the change of plea hearing and sentencing hearing. The movant reliably admitted his guilt and competently agreed to an appeal waiver. It is undeniable that the movant could have faced

a lengthier sentence if he did not agree to cooperate with the government and plead guilty. In the event that the movant elected not to cooperate, it is a near certainty that the movant would have received a longer sentence. This is especially so because the movant could not be sentenced below the mandatory minimum sentence of twenty years imprisonment if he did not provide substantial assistance to authorities.

Further, the court's application of the advisory sentencing guidelines, consideration of the parties' arguments and application of the factors under 18 U.S.C. § 3553(a) violated no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)). None of the terms that the parties included in their plea agreement restricted the court's discretion during the sentencing hearing, and the movant's status as a career offender, rather than the total drug quantity involved in the conspiracy, determined the movant's applicable advisory sentencing guidelines range. Given the record, the court concludes that the sentence that the movant received is appropriate.

Additionally, it is apparent that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's claims and no violation of the movant's constitutional right to counsel occurred. The record reflects that counsel conducted an adequate investigation, which included but was not limited to reviewing the discovery file, competently assessed the movant's ability to understand the proceedings and fully considered the movant's situation and any defense that he had available to him. Counsel need not pursue meritless claims, and, if the movant had elected to assert that there was no evidence to convict him and that no one could testify as to him selling methamphetamine or being a drug dealer, it is highly likely that he would

have received a higher sentence, that is, at least the statutory minimum sentence of twenty years imprisonment, which is the same sentence that one of the movant's co-defendant's received. So, in reality, the movant benefitted tremendously when he relied on the representation provided by counsel and decided to cooperate. Indeed, the movant received a 209 month term of imprisonment rather than a sentence within the advisory sentencing guidelines range, that is, 262 to 327 months imprisonment, and he subsequently received a sentence of 167 months imprisonment after the government relied on Federal Rule of Criminal Procedure 35(b).

In light of the record, it appears that the movant is knowingly making false statements to obtain relief. The movant's belated misgivings about his sentence are particularly unsettling in light of the terms of his plea agreement and the government's reliance on his cooperation to prosecute others and reduce his sentence. Moreover, the movant's assertions as to what counsel did or failed to do would not have changed the outcome. This is especially so in light of the fact that the movant did not act alone and participated in a conspiracy, the movant's assertions as to his competency are contradicted by his own statements, the movant need not actually sell methamphetamine to be convicted of conspiring to distribute methamphetamine, the movant had an extensive criminal history and the movant failed to learn his lesson and abide by the law even after given multiple opportunities.

Lastly, with respect to counsel's alleged failure to file an appeal, the record includes counsel's sworn statement and the movant's appeal waiver. In light of such documentation, it is exceedingly difficult to conclude that the movant ever told counsel to file an appeal. Further, the court notes that it discussed the movant's appeal waiver and advised the movant of his right to appeal. Even though he clearly understood how to contact the court, there is absolutely nothing in the record that shows he ever requested an appeal or inquired as to whether counsel filed an appeal on his behalf. And, a fair assessment of the sentencing proceeding indicates that the movant fully expected the

sentence that he received and appreciated counsel and the work that he had done. In light of the record, it appears that the movant is now willing to condemn counsel because he believes that he should have received a lower sentence or no sentence at all. Despite the overwhelming evidence that shows he did not desire an appeal and his admission that counsel coerced him into not pursuing an appeal that he at one point intended to pursue, the court finds that it must assess the credibility of counsel and the movant pursuant to a hearing. Absent the movant withdrawing his remaining claim, the court must conduct a hearing. An affidavit from counsel will not suffice.

In sum, all of the alleged errors except the failure to file a notice of appeal claim do not justify relief under 28 U.S.C. § 2255. The court finds that those claims are wholly without merit. Accordingly, they shall be dismissed. With respect to the remaining failure to file a notice of appeal claim, the court deems it appropriate to conduct an evidentiary hearing.[2]

**IT IS THEREFORE ORDERED**:

1) Except for the failure to file a notice of appeal claim, the movant's claims are dismissed.

2) A hearing is scheduled to commence at 1:30 p.m. central time on Wednesday, July 2, 2014. With respect to such hearing, the movant is directed to participate via telephone. Additionally, the clerk's office is directed to appoint CJA counsel to represent the movant. Appointed counsel is directed to notify the court of the name of the movant's counselor and the telephone number where he can be reached at least five days prior to the

---

[2] Before proceeding with his failure to file a notice of appeal claim, the movant should fully discuss with appointed counsel the record and the fact that he will be required to testify under oath.

7

evidentiary hearing. The clerk's office is directed to send a copy of this order to the movant.

**DATED** this 28th day of May, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA